Filed 1/26/16  P. v. Perez CA3

**NOT TO BE PUBLISHED**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C079856 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF-13-716) |
| v. | |
| LEAH MICHELLE PEREZ, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

### FACTUAL AND PROCEDURAL BACKGROUND

In late September and early October 2013, the Postmaster of the Camptonville Post Office reported to law enforcement that several post office boxes had been tampered with and the mail drop slot had been bent.  Several checks were taken from the post

office boxes. Over the course of the next month, a number of the renters of the affected post office boxes reported that checks they had mailed had been altered in their amounts and for the benefit of defendant Leah Michelle Perez. Officers found several pieces of mail reported as stolen in defendant's residence and merchandise ordered from catalogs, which had been obtained from the post office trash. Defendant admitted breaking into the post office boxes with the intent to place orders from catalogs and altering the checks contained therein. During the search of her home, officers also found stolen checks issued in a number of the victims' names. At a later date, officers found defendant had posted bail and was released from custody on an unrelated matter at the time she committed the current crimes, after providing a false social security number and name.

A complaint charged defendant with three counts of burglary (Pen. Code, § 459—counts 1-3),[1] one count of vandalism (§ 594, subd. (b)(1)—count 4), four counts of forgery (§ 470, subd. (a)—counts 5-8), and one misdemeanor count of false representation of identity to a peace officer (§ 148.9, subd. (a)—count 9). Defendant received numerous notices to appear, including for a March 12, 2014 hearing. She failed to appear and a bench warrant issued. Defendant appeared in custody on May 20, 2014. Defendant was also ordered to appear in court on June 18, 2014, and again failed to appear. Ultimately defendant was brought to court and pleaded no contest to two counts of burglary with *Harvey*[2] waivers on the remaining counts. In accordance with the plea, the trial court sentenced defendant to a term of three years on each count, to be served concurrently to each other and her term in the unrelated case (Fresno County). The trial court ordered the sentence served as a split sentence, with defendant serving 365 days in custody and the remaining two years on mandatory supervision. The trial court ordered

---

[1] Undesignated statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

defendant to pay a $560 restitution fine (§ 1202.4), a matching parole revocation fine suspended unless parole was revoked (§ 1202.45, subd. (b)), plus a 10 percent collection fee of $56 (§ 1202.4, subd. (*l*)), a burglary penalty assessment of $10 (§ 1202.5), plus $30 in penalty assessments, an $80 court security fee (§ 1465.8), and a $60 criminal conviction assessment (Gov. Code, § 70373). The trial court awarded defendant 33 days of presentence custody credit. The trial court granted defendant's certificate of probable cause. (§ 1237.5.)

Defendant appealed. We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

                                                   _____BUTZ_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____DUARTE_____, J.